**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 13-562** |
| **ADRIAN PALMER** | : | |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

WHEREAS, plaintiffs in *C.A. v. Roosevelt Inn, LLC, et al.*, March Term 2019, No. 03355, *B.H. v. Roosevelt Inn, LLC, et al.*, March Term, 2019, No. 03356 and *K.R. v. Roosevelt Inn LLC, et al.*, November Term, 2019, No. 00552, all pending in the Court of Common Pleas of Philadelphia (the "Civil Actions"), allege that they were all victims of criminal conduct that is related to the criminal conduct at issue in this action, which was prosecuted in this Court and resulted in the conviction of the defendant for the sex trafficking of minors (the "Criminal Action");

WHEREAS, plaintiffs in the Civil Actions seek compensation for their injuries arising from the conduct at issue in the Criminal Action;

WHEREAS, in the course of discovery in the Civil Actions, plaintiffs and other parties in the Civil Actions (collectively, the "Requesting Parties") have subpoenaed, or may subpoena defense counsel in the Criminal Action or other sources (collectively, the "Responding Parties") for their respective files or other information relating to the Criminal Action for use in the Civil Actions;

WHEREAS, the materials the Requesting Parties seek are subject to one or more protective measures in the Criminal Action, including protective orders and

filings made and maintained under seal (the "Criminal Protective Measures"), as well as other protections and privileges;

WHEREAS, the defendant in the Criminal Action, Adrian Palmer, as well as Craig Johnson and Jerel Jackson who were also convicted of crimes relating to sex trafficking (*see U.S. v. Johnson,* Dkt. No. 2:12-cr-00571, and *U.S. v. Jackson*, Dkt. No. 2:13-cr-00622) (collectively, the "Criminal Defendants"), are or may be named as defendants in the Civil Actions;

WHEREAS, the threat of harm to witnesses and victims (including minors and other lay witnesses) posed by the disclosure of materials in the Criminal Action to the Criminal Defendants and the public generally, which justified the entry of the Criminal Protective Measures, remains both real and imminent;

WHEREAS, the materials the Requesting Parties seek may also be subject to the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), the Health Insurance Portability and Accountability Act ("HIPAA"), and other privacy protections, such that they may not be disclosed without the approval of the individuals identified therein or Order of Court;

WHEREAS, the Responding Parties desire to maintain the confidentiality of the documents and information that may be produced in response to the Requesting Parties' subpoenas, the disclosure of which would violate the terms of the Criminal Protective Measures, risk harm to individuals identified therein (including minors), or otherwise cause an unwarranted invasion of privacy;

NOW THEREFORE, the Requesting Parties and the Responding Parties, by their undersigned counsel, hereby stipulate and agree as follows, and respectfully request that the Court so order:

1.      This Order shall apply to all documents, materials, and/or information disclosed in response to subpoenas issued in the Civil Actions or any related action seeking information related to the Criminal Action.

2.      All information disclosed by the Responding Parties, and any portion thereof, is to be deemed "Confidential Federal Information," unless the Requesting Parties are advised otherwise by the Responding Parties in writing.

3.      The Responding Parties may release information from the Criminal Action in response to subpoenas in the Civil Actions on the condition that such information is produced, disclosed, and handled subject to the terms of this Order.

4.      The Responding Parties shall designate such material as "Confidential Federal Information" by placing on the documents, records, and/or information to be produced a "Confidential Federal Information" notice or its equivalent. If a Responding Party does not place the "Confidential Federal Information" designation on any document produced from the Criminal Action, the Requesting Parties shall.

5.      Confidential Federal Information shall be used only by the parties in the Civil Actions, acting through counsel, and only for the defense or prosecution of the Civil Actions.

6.      No disclosure or copies of Confidential Federal Information shall be made except for purposes of the Civil Actions.

- 3 -

7. Subject to the additional provisions below, no party shall disclose

Confidential Federal Information, or the information contained therein, to anyone

other than the following:

> a. attorneys for the parties in the Civil Actions (including their paralegals, clerical, and other assistants) who have a legitimate need for access to Confidential Federal Information in connection with the Civil Actions;

> b. *with the exception of Criminal Defendants, further discussed herein*, named parties in the Civil Actions and their employees who have a legitimate need for access to Confidential Federal Information in connection with the Civil Actions;

> c. outside contractors hired to copy, image, index, sort, or otherwise manage the storage and retrieval of case materials in the Civil Actions;

> d. persons retained by a party to serve as expert witnesses or otherwise to provide advice to counsel in connection with the Civil Actions, or persons otherwise providing expert testimony in the Civil Actions;

> e. court reporters, videographers, and stenographers engaged to record, videotape, or transcribe depositions in the Civil Actions;

> f. the Court, the court in the Civil Actions, and their respective support personnel, including court reporters responsible for transcribing or recording court proceedings.

8. Confidential Federal Information and the information contained

therein shall not be disclosed to any of the persons referred to in paragraph 7(b)

through 7(e) above until after such person has been given a copy of this Stipulation

and Protective Order, has read this Stipulation and Protective Order, and has read

and signed an acknowledgment in the form attached hereto as Appendix A. Such

signed acknowledgment shall be retained by counsel for the party that made the

- 4 -

disclosure, and a copy of the signed acknowledgment shall be given the person who signed it.

9. No person referred to in paragraph 7(a) through 7(f) above who has received Confidential Federal Information shall disclose any such material or the information contained therein to any other person except as permitted by this Stipulation and Protective Order.

10. *Disclosure of Confidential Criminal Action Material to the Criminal Defendants*: No person or party, including counsel for the Criminal Defendants in the Civil Actions, shall provide copies of Confidential Federal Information to the Criminal Defendants or their family or friends, provide any writing to the Criminal Defendants that discloses the substance of that confidential material, or allow the Criminal Defendants to copy or keep the material. This Order does not prohibit counsel from showing such confidential material to the Criminal Defendants and discussing the material at meetings with or depositions of the Criminal Defendants, or from reading from or discussing the material in telephone conversations with the Criminal Defendants. The Court finds that these restrictions: (a) do not unduly impair the Criminal Defendants' ability to prepare for trial in the Civil Actions; and (b) reasonably accommodate concerns for the safety of witnesses and other victims who are identified in Confidential Federal Information.

11. The Responding Parties are hereby authorized to produce and/or disclose documents and materials in their possession: (a) without obtaining prior consent from criminal defendant Adrian Palmer; and (b) without redaction of Mr. Palmer's personal information, notwithstanding that the information may be

protected under the Privacy Act or HIPAA, or may otherwise intrude on Mr. Palmer's privacy rights or interests. This Stipulation and Protective Order constitutes an "order of a court of competent jurisdiction" pursuant to 5 U.S.C. §552a(b)(11).

12. Notwithstanding the designation of any document as Confidential Federal Information, this Stipulation and Protective Order shall not govern the use of (a) any information or documents already in the possession of a receiving party and not subject to any obligation of confidentiality, or (b) any information or documents that are already within the public domain or which become public before or during the pendency of the Civil Actions – *but only provided that both*: (1) the possession or publication did not result from violation of this Stipulation and Protective Order, or any applicable Criminal Protective Measure, and (2) a person receiving Confidential Federal Information in accordance with this Stipulation and Protective Order shall not, without the written consent of the Responding Parties, reveal publicly or confirm that the information or documents described in subparagraphs (a) and/or (b) of this Paragraph were produced or designated as Confidential Federal Information under this Stipulation and Protective Order.

13. To the extent that Confidential Federal Information is marked as an exhibit to a deposition in the Civil Actions, such exhibit shall be bound separately from any other exhibits to the deposition, and shall be marked "Subject to Federal Protective Order." To the extent that any witness is questioned about Confidential Federal Information during a deposition in the Civil Actions, that portion of the deposition shall be marked "Subject to Federal Protective Order."

14.     To the extent that any party intends to file any Confidential Federal Information in a court proceeding, the filing party shall consult with counsel for the Responding Parties that originally designated the document(s) as Confidential Federal Information to determine whether, with the consent of the Responding Parties, the subject document(s) may be filed *unsealed* with the court. Where agreement cannot be reached, the filing party may, with notice to the Responding Parties, file the material only under seal. If the court in which the material is to be filed requires court approval for filing under seal, the following procedures will apply:

a).     The filing party will submit the material to the court only with a motion to file the material under seal, and the Responding Party that originally designated the document as Confidential Federal Information shall provide the filing party with a response to accompany the motion. The filing party shall submit to the court's Clerk any Confidential Federal Information in a sealed envelope bearing the legend "FILED UNDER SEAL: CONTAINS CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER OF THE COURT, DATED

_____, 2020" and displaying the case name, docket number, a designation of the document(s) that does not reveal information protected by this Stipulation and Protective Order, the name of the party in whose behalf it is submitted, and the name of the attorney who has filed the documents on the front of the envelope.

b).     To the extent that it is necessary for a party to discuss the contents of any Confidential Federal Information in a brief, memorandum, pleading, or other submission, then: (i) such portion of the submission may be submitted only

- 7 -

with a motion to the court to file under seal; and (ii) the Responding Party that originally designated the discussed underlying document(s) as Confidential Federal Information shall provide the filing party with a response to accompany the motion. If permission to file under seal is granted, counsel shall prepare two versions of the filing: a public and a confidential version. The public version shall not contain Confidential Federal Information, and shall redact references to such material. The confidential version shall be a full and complete version of the submission and shall be filed with the Clerk under seal as stated in subparagraph (a) above.

15.     To the extent that any party intends to use Confidential Federal Information at any hearing, trial, or other proceeding, that party and the Responding Party that originally designated the document as Confidential Federal Information shall confer and attempt to agree, before any hearing, trial, or other proceeding, on the procedures under which Confidential Federal Information may be introduced into evidence or otherwise used at such hearing, trial, or other proceeding. Absent agreement, the party that intends to use Confidential Federal Information shall seek an order in this Court governing the use of such material at any such proceeding upon reasonable written notice to the Responding Parties and all other parties, and a reasonable opportunity to respond.

16.     The parties and their counsel herein, and all persons referred to in paragraph 7(a) through 7(f) above who have received Confidential Federal Information, shall safeguard such material and the information contained therein in order to prevent its disclosure beyond that permitted by the terms of this Stipulation and Protective Order.

- 8 -

17.     Any person or entity, other than this Court, possessing Confidential Federal Information shall destroy such material or return it to counsel for the Responding Parties upon the possessing person or entity's ceasing involvement with the Civil Actions, or within 45 calendar days after the termination of the Civil Action in which it was produced (including all appeals), whichever first occurs. If the person or entity chooses to destroy Confidential Federal Information rather than returning it, the person or entity will provide written certification of such destruction to counsel for the Responding Parties.

18.     The inadvertent omission of the written designation "Confidential Federal Information" described above shall not constitute a waiver of confidentiality or of any privilege or protection, and may be corrected by written notification to the Requesting Parties after production. If counsel for a Responding Party provides written notice that a document should have been designated as Confidential Federal Information, the party or person receiving the notice shall immediately treat the document as if it had been so designated before production, and shall place such written designation on the document, and all copies thereof, within seven (7) calendar days after receipt of the notice.

19.     If a person or entity possessing Confidential Federal Information is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential Federal Information," that party must:

> (a) promptly notify the Responding Parties in writing and include a copy of the subpoena or court order;

- 9 -

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation and Protective Order. Such notification shall include a copy of this Stipulation and Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Responding Parties whose protected material may be affected.

20.     Entry of this Stipulation and Protective Order constitutes only a determination that the Responding Parties are authorized to disclose information as provided herein. Entry of this Stipulation and Protective Order does not constitute a ruling or determination as to any right, privilege, or immunity the Responding Parties, the Criminal Defendants, or any other party to the Civil Actions may have with respect to any subpoena, or to any objection they may have thereto, except as expressly provided herein. The Responding Parties' disclosure of information pursuant to this Stipulation and Protective Order shall not constitute a waiver of any right, privilege, or immunity they may have with respect to such information.

21.     Nothing in this Stipulation and Protective Order shall be understood as waiving any person or party's objections to the Requesting Parties' subpoenas or any other requests for documents or other information; as suggesting that any Responding Party will voluntarily produce documents or information herein; or as prejudicing the rights of the Responding Parties to withhold documents or information that are classified, subject to statutory exemption from disclosure, subject to privilege or protection, or otherwise confidential.

22.     The Responding Parties' production of documents or information in response to the Requesting Parties' subpoenas shall not be understood as waiving

- 10 -

any objection, privilege, or protection, including based on the attorney work product doctrine. Responding Parties reserve the right to seek a further protective order to limit the use and/or dissemination of any documents whose disclosure the Court may order.

23.     The parties reserve the right to move to modify the terms of this Stipulation and Protective Order at any time, and to oppose any such motion.

24.     Nothing in this Stipulation and Protective Order shall prohibit the United States, or any agency, department, officer, or employee thereof, from using or disclosing Confidential Federal Information for any purposes authorized by law.

25.     Any person or entity receiving any Confidential Federal Information in accordance with this Stipulation and Protective Order agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings in relation to this Stipulation and Protective Order – matters over which this Court will retain jurisdiction. Nothing in this Stipulation and Protective Order waives the sovereign immunity of the United States, or subjects the United States, its agencies, or its employees to jurisdiction in the Civil Actions.

26.     The terms of this Stipulation and Protective Order shall be binding upon all current and future participants and their counsel in this action and in the Civil Actions, as well as all persons referred to in paragraph 7(a) through 7(f) above.

27.     The termination of this action or the Civil Actions shall not relieve any person of his or her obligations under this Stipulation and Protective Order.

28.     No party shall be obligated to challenge the propriety of a designation as Confidential Federal Information at the time made, and a failure to do so shall

- 11 -

not be deemed an admission of the correctness of the designation, nor does it preclude a subsequent challenge thereto. Entering into, agreeing to, or otherwise complying with the terms of this Stipulation and Protective Order shall not operate as an admission by any receiving party that any particular information or material designated as "Confidential Federal Information" contains or reflects information subject to the Criminal Protective Measures, the Privacy Act of 1974, 5 U.S.C. § 552a, or HIPAA, or that its disclosure would cause an unwarranted invasion of privacy.

29.     A party objecting to the designation of any document as Confidential Federal Information shall provide written notice of the objection to the Responding Parties. The objecting party and the Responding Parties shall confer in good faith in an effort to resolve the objection. If such conference does not resolve the objection, the objecting party may seek an order that the document is not properly designated as protected. Pending determination by this Court, material designated as Confidential Federal Information shall be treated as such pursuant to this Stipulation and Protective Order.

30.     An interested member of the public may challenge by motion in this Court the sealing or redaction of any Confidential Federal Information filed with a court. The Responding Parties will be provided notice of such a motion and the opportunity to respond before any ruling is made.

31.     This Stipulation and Protective Order does not supersede or replace any Criminal Protective Measure, which shall remain in effect according to its

terms in relation to the documents produced before the commencement of the Civil Actions.

32.     No party to the Civil Actions shall seek the disclosure of any possibly protected written material from any other federal criminal action in this Court relating to the sex trafficking of minors from any source without first: (1) contacting counsel for the United States identified below and the appropriate criminal defense counsel from such an action; (2) determining whether any such written material is or may be subject to a protective order in the related criminal action; and (3) ensuring (if so protected or possibly protected) through appropriate Order of this Court that the requested disclosure will not violate any such applicable protective measure from the criminal action. This paragraph does not restrict a party to the Civil Actions from speaking to witnesses (including the defendant(s) in any federal criminal action).

33.     Upon entry of this Stipulation and Protective Order, the Requesting Parties shall: (a) ensure that the court in the Civil Actions is aware of the terms hereof; and (b) not file, use in a deposition, or otherwise disclose any document subject to the terms of this Stipulation and Protective Order, unless and until the court in the Civil Actions enters a protective order maintaining the protective measures provided for herein.

So stipulated and respectfully submitted,

*__Counsel in C.A. v. Roosevelt Inn LLC, et al.;__*
*__B.H. v. Roosevelt Inn LLC, et al.; and__*
*__K.R. v. Roosevelt Inn LLC, et al.__*


_____
Emily B. Marks, Esq.
Nadeem A. Bezar, Esq.
KLINE & SPECTER, PC
1525 Locust Street
Philadelphia, PA 19102
215.772.0524
emily.marks@KlineSpecter.com
nadeem.bezar@klinespecter.com
*Counsel to Plaintiffs, C.A., B.H. and K.R.*



_____
Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
BLANK ROME LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel to Defendants, Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC*



_____
David S. Sager, Esq.
Matthew A. Goldberg, Esq.
Nathan P. Heller, Esq.
Haley D. Torrey, Esq.
DLA PIPER LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
*Counsel to Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, Wyndham Hotel Management, Inc., Wyndham Destinations, Inc., Wyndham Hotels & Resorts, Inc. and Days Inn Worldwide, Inc.*

- 14 -

*Counsel in C.A. v. Roosevelt Inn LLC, et al.;*
*B.H. v. Roosevelt Inn LLC, et al.; and*
*K.R. v. Roosevelt Inn LLC, et al.*


_____

Emily B. Marks, Esq.
Nadeem A. Bezar, Esq.
KLINE & SPECTER, PC
1525 Locust Street
Philadelphia, PA 19102
215.772.0524
emily.marks@KlineSpecter.com
nadeem.bezar@klinespecter.com
*Counsel to Plaintiffs, C.A., B.H. and K.R.*


*James J. Quinlan*
_____

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
BLANK ROME LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel to Defendants, Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS
Management Company, LLC*


_____

David S. Sager, Esq.
Matthew A. Goldberg, Esq.
Nathan P. Heller, Esq.
Haley D. Torrey, Esq.
DLA PIPER LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
*Counsel to Defendants, Wyndham Worldwide Corporation, Wyndham Hotel
Group, LLC, Wyndham Hotels and Resorts, LLC, Wyndham Hotel
Management, Inc., Wyndham Destinations, Inc., Wyndham Hotels & Resorts,
Inc. and Days Inn Worldwide, Inc.*

- 14 -

*Counsel in C.A. v. Roosevelt Inn LLC, et al.;*
*B.H. v. Roosevelt Inn LLC, et al.; and*
*K.R. v. Roosevelt Inn LLC, et al.*

_____

Emily B. Marks, Esq.
Nadeem A. Bezar, Esq.
KLINE & SPECTER, PC
1525 Locust Street
Philadelphia, PA 19102
215.772.0524
emily.marks@KlineSpecter.com
nadeem.bezar@klinespecter.com
*Counsel to Plaintiffs, C.A., B.H. and K.R.*

_____

Grant S. Palmer, Esq.
James J. Quinlan, Esq.
Justina L. Byers, Esq.
BLANK ROME LLP
One Logan Square, 130 North 18th Street
Philadelphia, PA 19103
*Counsel to Defendants, Roosevelt Inn LLC, Roosevelt Motor Inn, Inc., UFVS Management Company, LLC*

_____

David S. Sager, Esq.
Matthew A. Goldberg, Esq.
Nathan P. Heller, Esq.
Haley D. Torrey, Esq.
DLA PIPER LLP
One Liberty Place
1650 Market Street, Suite 4900
Philadelphia, PA 19103
*Counsel to Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotels and Resorts, LLC, Wyndham Hotel Management, Inc., Wyndham Destinations, Inc., Wyndham Hotels & Resorts, Inc. and Days Inn Worldwide, Inc.*

- 14 -

*/s/ Carla M. Wentworth - 6/15/2020*

Philip D. Priore, Esq.
Carla M. Wentworth, Esq.
MCCORMICK & PRIORE, P.C.
Four Penn Center
1600 JFK Boulevard, Suite 800
Philadelphia, PA 19103
*Counsel to Defendants, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC
d/b/a Days Inn*

_____

Hugh P. O'Neill, Esq.
John A. Lucy, Esq.
THOMAS THOMAS & HAFER, LLP
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108
*Counsel to Defendant, Ramara, Inc.*

_____

Michael J. Miller, Esq.
Meghan Sandora, Esq.
MARGOLIS EDELSTEIN
The Curtis Center
170 W. Independence Mall West, Suite 400E
Philadelphia, PA 19106
*Counsel to Defendant, Ashoka Investments & Management Services*

Philip D. Priore, Esq.
Carla M. Wentworth, Esq.
MCCORMICK & PRIORE, P.C.
Four Penn Center
1600 JFK Boulevard, Suite 800
Philadelphia, PA 19103
*Counsel to Defendants, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC
d/b/a Days Inn*

Hugh P. O'Neill, Esq.
John A. Lucy, Esq.
THOMAS THOMAS & HAFER, LLP
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108
*Counsel to Defendant, Ramara, Inc.*

Michael J. Miller, Esq.
Meghan Sandora, Esq.
MARGOLIS EDELSTEIN
The Curtis Center
170 W. Independence Mall West, Suite 400E
Philadelphia, PA 19106
*Counsel to Defendant, Ashoka Investments & Management Services*

- 15 -

_____

Philip D. Priore, Esq.
Carla M. Wentworth, Esq.
MCCORMICK & PRIORE, P.C.
Four Penn Center
1600 JFK Boulevard, Suite 800
Philadelphia, PA 19103
*Counsel to Defendants, 4200 Roosevelt LLC and 4200 Rose Hospitality LLC
d/b/a Days Inn*

_____

Hugh P. O'Neill, Esq.
John A. Lucy, Esq.
THOMAS THOMAS & HAFER, LLP
305 North Front Street
P.O. Box 999
Harrisburg, PA 17108
*Counsel to Defendant, Ramara, Inc.*

*Michael Miller*
_____

Michael J. Miller, Esq.
Meghan Sandora, Esq.
MARGOLIS EDELSTEIN
The Curtis Center
170 W. Independence Mall West, Suite 400E
Philadelphia, PA 19106
*Counsel to Defendant, Ashoka Investments & Management Services*

- 15 -

*Penelope Cilluffo*
Joseph McHale, Esq.
Penelope Cilluffo, Esq.
STRADLEY RONON STEVENS & YOUNG, LLP
Great Valley Corporate Center
30 Valley Stream Parkway
Malvern, PA 19355
*Counsel to Defendant, Alpha-Centurion Security, Inc.*


*Victoria M. Komarnicki*
Victoria M. Komarnicki, Esq.
Pamela A. Carlos, Esq.
BENNETT, BRICKLIN & SALTZBURG, LLC
Centre Square, West Tower
1500 Market Street, 32nd Floor
Philadelphia, PA 19102
*Counsel to Defendant, Ritz Hotel Group, Inc.*


IT IS SO ORDERED this 16th day of July , 2020:


/s/ C. Darnell Jones, II

The Hon. C. Darnell Jones, II
United States District Court Judge

- 16 -

## Appendix A

## ACKNOWLEDGMENT

I hereby acknowledge that I have read the Stipulation and Protective Order entered by the United States District Court for the Eastern District of Pennsylvania in the case captioned *United States v. Palmer*, No. 2:13-cr-562 (E.D. Pa.); that I have received a copy of the Stipulation and Protective Order; that I understand its terms; and that I agree to be bound by all of those terms. I will not disclose Confidential Federal Information or the information contained therein except as stated in the Stipulation and Protective Order. I will safeguard any Confidential Federal Information that I receive, and the information contained therein, in order to prevent its disclosure beyond that permitted by the terms of the Stipulation and Protective Order.

I agree to be subject to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania in relation to the Stipulation and Protective Order, and I acknowledge that any failure on my part to comply with the terms of the Stipulation and Protective Order may result in the imposition of sanctions upon me. I acknowledge that my obligations under the Stipulation and Protective Order shall survive the termination of this action and are permanently binding upon me.

DATED: _____     BY: _____

(Signature)

_____

(type or print name)

17